IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

CHARLESTON DIVISION

SHARON ROEBUCK,

          Plaintiff,

v.                           CIVIL ACTION NO.   2:11-cv-00650

AMERICAN NATIONAL INSURANCE
COMPANY, et al.,

          Defendants.

**MEMORANDUM OPINION AND ORDER**

Pending before the court is the plaintiff's Motion to Remand [Docket 11]. For the reasons discussed below, this Motion is **GRANTED**.

### I.   Background

This action was originally filed in the Circuit Court of Kanawha County, West Virginia, on August 18, 2011. The plaintiff, Sharon Roebuck, brought suit against American National Insurance Company, a citizen of Texas; American National Property and Casualty Company, a citizen of Missouri; Farm Family Casualty Company, a citizen of New York; Farm Family Life Insurance Company, a citizen of New York; and Herald "Chip" Bennett, Regional Director for American National Family of Companies, and a resident of West Virginia. Roebuck alleges that she was wrongfully terminated from her employment in violation of West Virginia law.

In her complaint, Roebuck alleges that she was hired as an agent for Farm Family Casualty Company and Farm Family Company and entered into an agent contract with both companies. (Compl. at ¶ 8 [Docket 1-1]). In 2004, American National Insurance Company purchased Farm

Family Casualty Company and Farm Family Life Insurance Company. (Compl. at ¶ 10). Approximately one month later, Roebuck claims she received a telephone call from Bennett. During this conversation, Bennett allegedly asked whether Roebuck would like to become a General Agent for the American National Family of Companies, and Roebuck accepted. (Comp. at ¶ 11). Roebuck claims that, in response to Bennett's requests, she then filled out the necessary paperwork and formed Roebuck Agency, LLC. (Compl. at ¶ 13).

Roebuck claims that for the next five years, she was consistently a top producer for the company, received several awards for performance, and always received high marks on internal-company evaluations. (Compl. at ¶ 15). According to the Complaint, in June 2010, Bennett visited Roebuck's office and advised her that her contract with American National Family of Companies would be terminated. (Compl. at ¶ 16). Roebuck maintains that her employment was terminated based on her age in violation of the West Virginia Human Rights Act. (Compl. at ¶ 39–40).

On September 21, 2011, the defendants removed the action to this court pursuant to 28 U.S.C. § 1441. The defendant alleged that jurisdiction in this court is proper under 28 U.S.C. § 1332 and 28 U.S.C. § 1331.

**II.    28 U.S.C. § 1332**

The statute authorizing diversity jurisdiction requires "complete diversity" of citizenship between the parties to a controversy. 28 U.S.C. § 1332. Accordingly, no party involved in a diversity suit may share common citizenship with any party on the other side. *Id*. In this case, the parties do not dispute that both Roebuck and Bennett are citizens of West Virginia. However, the defendants argue that complete diversity exists because Bennett was fraudulently joined as a

defendant.

The judicially-created "fraudulent joinder" doctrine provides an exception to the complete diversity requirement, allowing a district court to assume jurisdiction even if there are nondiverse named defendants at the time of removal. *Marshall v. Manville Sales Corp.*, 6 F.3d 229, 232-33 (4th Cir. 1993). A finding of fraudulent joinder "permits a district court to disregard, for jurisdictional purposes, the citizenship of certain nondiverse defendants, assume jurisdiction over a case, dismiss the nondiverse defendants, and thereby retain jurisdiction." *Mayes v. Rapoport*, 198 F.3d 457, 461 (4th Cir. 1999).

A party seeking to prove fraudulent joinder must show either "outright fraud in the plaintiff's pleading of jurisdictional facts," or "that there is *no possibility* that the plaintiff would be able to establish a cause of action against the in-state defendant in state court." *Hartley v. CSX Transp., Inc.*, 187 F.3d 422, 424 (4th Cir. 1990) (emphasis in original) (internal quotation marks omitted). "The party alleging fraudulent joinder bears a heavy burden—it must show that the plaintiff cannot establish a claim even after resolving all issues of law and fact in the plaintiff's favor." *Id.* The Fourth Circuit has been clear that this standard "is even more favorable to the plaintiff than the standard for ruling on a motion to dismiss under Fed. R. Civ. P. 12(b)(6)." *Id.*

In this case, the defendants have not alleged that outright fraud occurred in the plaintiff's pleading of jurisdictional facts. Rather, the defendants maintain that there is no possibility that the plaintiff can establish a cause of action against Bennett. The crux of this argument appears to be that Bennett is not a proper party to the action because the plaintiff was not in an employment relationship with the defendants. Thus, the defendants claim, the plaintiffs' claims against all

defendants—including Bennett—fail as a matter of law. (Defs.' Resp. Mot. to Remand, at 5 [Docket 17]).

Having reviewed the relevant law and the record in this case, the court cannot say as a matter of law that there is *no possibility* that Roebuck might recover against the defendant Bennett. Therefore, the court **FINDS** that the defendant has not met its heavy burden of establishing fraudulent joinder. Because both Roebuck and Bennett are citizens of West Virginia, complete diversity does not exist. Therefore, the court **FINDS** that 28 U.S.C. § 1332 does not provide a basis for federal jurisdiction over this case.

### III.    28 U.S.C. § 1331

Finally, the defendant argues that jurisdiction over this action is proper in federal court because the plaintiff is bringing a federal claim. "One category of cases of which district courts have original jurisdiction are 'federal question' cases: cases 'arising under the Constitution, laws, or treaties of the United States.'" *Aetna Health, Inc. v. Davila*, 542 U.S. 200, 207 (2004). The Supreme Court has "long held that 'the presence or absence of federal-question jurisdiction is governed by the 'well-pleaded complaint rule,' which provides that federal jurisdiction exists only when a federal question is presented on the face of the plaintiff's properly pleaded complaint.'" *Rivet v. Regions Bank of Louisiana*, 522 U.S. 470, 475 (1998).

The plaintiff, however, cannot defeat removal by failing to plead an essential federal question in the complaint. *Spaulding v. Mingo County Bd. of Ed.*, 897 F. Supp. 284, 288 (S.D. W. Va. 1995). If the plaintiff seeks to conceal the true federal nature of his claim, the court will look beyond the complaint to determine whether an essential federal question exists to preclude remand. *Scott v. Greiner*, 858 F. Supp. 607, 609 n.1 (S.D. W. Va. 1994).

In this case, each claim in the plaintiffs' complaint is based on West Virginia law. However, the complaint also includes a statement that "Defendants' actions constitute sex and gender discrimination in violation of state and federal law." (Compl. at ¶ 60). The defendant argues that this statement demonstrates that the plaintiff is bringing a claim under Title VII of the Civil Rights Act, 42 U.S.C. §§ 2000e *et seq.* and the Age Discrimination in Employment Act, 29 U.S.C. §§ 621 *et seq.*

The mere mention of federal laws is not enough to warrant removal. The court has a duty to carefully review the true nature of the plaintiffs' claims to determine whether a federal question is implicated. In performing this review, the court always must be mindful that when considering a motion to remand, any doubt must be construed against removal. *See Scott v. Greiner*, 858 F. Supp. 607, 610 (S.D. W. Va. 1994) ("Any doubts concerning the propriety of removal must be resolved in favor of state jurisdiction."). In this case, the plaintiff appears to have pleaded only state law claims. Therefore, the court **FINDS** that it does not have federal question jurisdiction over this case.

Accordingly, the court **GRANTS** the plaintiffs' Motion to Remand and **REMANDS** the case to the Circuit Court of Kanawha County, West Virginia

The court **DIRECTS** the Clerk to send a copy of this Order to counsel of record and any unrepresented party.

                ENTER:       December 14, 2011

                                  Joseph R. Goodwin, Chief Judge