IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

CHARLESTON DIVISION

SHARON ROEBUCK,

          Plaintiff,

v.                                              CIVIL ACTION NO.  2:11-cv-00650

AMERICAN NATIONAL INSURANCE
COMPANY, et al.,

          Defendants.

**MEMORANDUM OPINION AND ORDER**

      Pending before the court are the plaintiff's Motion for Attorney Fees [Docket 26] and the plaintiff's Motion for Leave File Documents Under Seal [Docket 25], which requests that the plaintiff's counsel be permitted to file its accounting of attorney fees under seal.  For the reasons discussed below, both of these motions are **DENIED**.

      28 U.S.C. § 1447(c) provides that a court remanding a case may "require payment of just costs and any actual expenses, including attorney fees, incurred as a result of removal."  28 U.S.C. § 1447(c).  The Supreme Court has held that "absent unusual circumstances, courts may award attorney's fees under § 1447(c) only where a party lacked an objectively reasonable basis for seeking removal."  *Martin v. Franklin Capital Corp.*, 546 U.S. 132, 141 (2005).  "[A]n award of fees under § 1447(c) is left to the district court's discretion, with no heavy congressional thumb on either side of the scales."  *Id.* at 139.

      In this case, the defendant had removed the case based on a theory of fraudulent joinder and also on what the defendant believed to be a federal question.  Ultimately, the court rejected the

defendant's argument and remanded the case to state court. However, the issue of federal question jurisdiction was fairly raised. In deciding the issue, this court kept in mind a strict construction of removal jurisdiction. *See Md. Stadium Auth. v. Ellerbe Becket, Inc.*, 407 F.3d 255, 260 (4th Cir. 2005); *see also Mulcahey v. Columbia Organic Chems. Co.*, 29 F.3d 148, 151 (4th Cir. 1994) ("If federal jurisdiction is doubtful, a remand is necessary.") The court therefore **FINDS** that while the defendants' arguments in favor of removal were ultimately unpersuasive, there was an objectively reasonable basis for removing the case. Accordingly, the plaintiffs' motions are **DENIED**.

The court **DIRECTS** the Clerk to send a copy of this Order to counsel of record and any unrepresented party.

ENTER: May 29, 2012

Joseph R. Goodwin, Chief Judge